## J. W. Hanford v. James M. Richart and Henry F. Campbell.

1. APPELLATE COURT PRACTICE—*Questions for Consideration.*— Where the trial is before the court without a jury and no propositions of law are presented or passed upon, and no complaint is made of any ruling of the court as to the admission or exclusion of evidence, the only question for consideration is, does the evidence support the verdict?

2. ATTACHMENTS—*Actual Fraud.*—To justify an attachment on the ground that the defendant has within two years, etc., conveyed, concealed and disposed of his property and effects so as to hinder and delay his creditors, there must be proof of actual, as distinguished from constructive fraud.

3. COSTS—*Assumpsit—Attachment in Aid.*—On the trial of an issue upon the affidavit for an attachment in aid of a suit in assumpsit it is error to render judgment against an unsuccessful plaintiff for all the costs of the suit, where a judgment is rendered in his favor in the assumpsit branch of the suit for the amount of his claim.

Assumpsit.—Attachment in aid. Appeal from the Circuit Court of Jackson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed in part and reversed in part. Opinion filed September 5, 1896.

WILLIAM A. SCHWARTZ, attorney, for appellant.

It was error for the court to make a general order for costs against the appellant. Buchman v. Dodds, 6 Brad. 26.

F. M. YOUNGBLOOD, attorney for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This was an attachment proceeding brought by appellant against appellees Richart and Campbell for the collection of a claim of $170. The ground of attachment alleged in the affidavit was that Richart and Campbell, as individuals and as partners, had, within two years prior to the filing of the affidavit, conveyed, concealed and disposed of their property and effects so as to hinder and delay their creditors.

By agreement of parties the case was tried by the court without a jury. The court found the issues joined on the attachment affidavit in favor of appellees, and rendered judgment against appellant for all of the costs of the suit. At the same time judgment was rendered in the assumpsit branch of the case in favor of appellant for the amount of his claim.

No propositions of law were presented to or passed upon by the court. No complaint is made in the argument of any ruling of the court as to the admission or exclusion of evidence.

Therefore, the only question, aside from that relating to the costs, is as to the sufficiency of the evidence to support the verdict.

The law is that to justify an attachment on the ground above mentioned, there must ·be proof of actual, as distinguished from constructive fraud. Weare Commission Co. v. Druley, 156 Ill. 25.

Was actual fraud proved in this case? The trial court said no. The dealings of Richart and Campbell are hazy; but we are not prepared to say that the findings of the lower court are manifestly against the weight of the evidence.

The court erred in rendering judgment against appellant for all of the costs of the case. Appellant was entitled to judgment for the costs pertaining to the assumpsit branch of the case, and the judgment of the lower court should be modified to that extent.

The judgment of the Circuit Court is affirmed in all respects except so far as the same relates to the costs of the case; the judgment against appellant for costs is reversed, and the cause is remanded with directions to the Circuit Court to render a judgment in favor of the appellant for all costs pertaining to the assumpsit branch of the case and in favor of appellees for all other costs.

Appellant will have judgment for his costs in this court.